IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN J. BONANNI, SR., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 13-6212 (JBS/AMD) |
| DONALD PURDY, et al., | |
| Defendants. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This action arises out of $51,765.24 of unpaid sick and vacation time Plaintiff Stephen J. Bonnani, Sr., alleges the Defendant Township of Galloway, N.J., owes him. The Township and Defendant Donald Purdy, Galloway's mayor, removed this matter from New Jersey Superior Court in Atlantic County, because the Complaint contained a single reference to the U.S. Constitution in Count Twelve, which alleges a violation of substantive due process. Plaintiff has filed an Amended Complaint removing the "inadvertent" reference to the U.S. Constitution, and now moves for remand. [Docket Item 6.] The motion is unopposed.

For the reasons explained below, the Court declines to exercise supplemental jurisdiction and remands this matter to New Jersey Superior Court in Atlantic County.

1. The original Count Twelve of the Complaint, alleging a violation of substantive due process, stated that Defendants "are subject the Constitution of the state of New Jersey as citizens or public entities of the state of New Jersey. Plaintiff is and was at all times an individual subject to the Constitution of New Jersey and is entitled to due process of law." (Compl. ¶¶ 64-65.) The only reference to federal law in the Complaint appeared in the next sentence: "Defendants have violated Plaintiff's right to Substantive Due Process guaranteed by both the Constitution of New Jersey and the United States Constitution." (Id. ¶ 66.)

2. Defendants removed the action to this Court because Count Twelve alleged "a violation of plaintiff's substantive due process rights under the United States Constitution, presumably the 14th Amendment." (Notice of Removal [Docket Item 1] ¶ 4(a).) Defendants argued that because federal rights are "enforceable under 42 U.S.C. § 1983 and are implicated by plaintiff's complaint, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331." (Id. ¶ 5.) Defendants did not assert any other basis for federal subject matter jurisdiction. Defendants then filed an answer to the Complaint [Docket Item 3], and seven days later, Plaintiff filed both the Amended Complaint and the present motion to remand. [Docket Items 5 & 6.]

3. Count Twelve, as amended, no longer mentions the U.S. Constitution. Plaintiff describes the original reference as "inadvertent," and observes that the original Complaint did not expressly invoke § 1983. (Pl. Mot. [Docket Item 6] ¶ 3.) All claims in the Amended Complaint arise under state law. Therefore, Plaintiff argues that the Court lacks subject matter jurisdiction over this action as amended. (Id. ¶ 5.)

4. Fed. R. Civ. P. 15(a)(1)(B) provides, in relevant part, that a "party may amend its pleading once as a matter of course within: . . . 21 days after service of a responsive pleading," if "the pleading is one to which a responsive pleading is required . . . ." Plaintiff filed his first Amended Complaint, which is a pleading to which a responsive pleading is required, within seven days of Defendants' responsive pleading, the answer. Therefore, under Rule 15(a), Plaintiff was permitted to amend his Complaint as a matter of course.

5. Because the original Complaint apparently included a substantive due process claim under the U.S. Constitution, removal was not improper, and the Court exercised supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a). Eliminating the only federal claim from the Amended Complaint does not automatically divest this Court of jurisdiction over the matter; a district court's decision whether to exercise supplemental jurisdiction after every claim

over which it had original jurisdiction has been amended away, withdrawn or dismissed is "purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639-40 (2009); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction); Cardona v. Dow Jones & Co., No. 12-4679, 2012 WL 5986533, at *2 (D.N.J. Nov. 28, 2012) (declining to retain supplemental jurisdiction when the plaintiff voluntarily dismissed all claims arising under federal law); Alicea v. Outback Steakhouse, No. 10-4702, 2011 WL 1675036, at *5 (D.N.J. May 3, 2011) ("Although the Plaintiff is not automatically entitled to remand because he dropped the federal claims from the Amended Complaint, this matter may be remanded under 28 U.S.C. § 1367(c)."), report and recommendation adopted, 2011 WL 2444235, at *2 (D.N.J. June 9, 2011). The Third Circuit has recognized that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in Hedges).

6. Here, none of the parties has identified considerations of judicial economy, convenience, or fairness to justify the continued exercise of supplemental jurisdiction. This action is not yet two months old, and no motion practice has occurred in this Court. Furthermore, Defendants do not oppose the motion to remand. Therefore, this action alleging only state-law claims belongs in state court. The Court declines to retain supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), and remands the action to New Jersey Superior Court in Atlantic County.

7. An accompanying Order will be entered.

**December 13, 2013**                            **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 Chief U.S. District Judge